## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOTEL MANNHEIM CHICAGO, LLC. )<br>an Illinois corporation, )<br>)<br>Defendant. )<br>) | Case No. 1:21-cv-5827<br><br>Hon. |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Hotel Mannheim Chicago, LLC. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

1

4. Defendant Hotel Mannheim Chicago, LLC. is a corporation with its registered office located at 916 W. 21st Street, Chicago, IL 60608.

5. Upon information and belief, Defendant Hotel Mannheim Chicago, LLC. owns or operates "Hyatt Place Chicago/O'Hare Airport" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotator cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8. Plaintiff suffered from these disabilities during his initial visit (and prior to instituting this action) to Hyatt Place Chicago/O'Hare Airport.

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition is degenerative and occasionally requires mobility aids to assist his movement.

11. Plaintiff regularly travels to the Rosemont area to visit friends and shop. Most recently, Plaintiff was in the Rosemont area in June 2021, and plans to return to the area in December 2021.

12. Plaintiff stays at hotels when he is in the area.

13. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at hotels due to his frequent travels.

15. While many hotels advertise that they have accessible rooms or public areas, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that the Hyatt Place Chicago/O'Hare Airport is accessible, Plaintiff encountered barriers to access at the Rosemont Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on August 19, 2019 and June 25, 2021.

18. Plaintiff is currently deterred from considering the Facility as an option for lodging on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

3

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Rosemont Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on August 16, 2019 and June 25, 2021 at the Rosemont Facility located at 6810 Mannheim Road, Rosemont, IL 60018 that affected his disabilities:

a. Passenger Drop Off Area:

   i. Not providing a passenger loading zone with an access aisle marked with striping as required by sections 209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 of the Standards, which requires him to walk further than necessary to enter the Facility and would require him to drag his luggage further than necessary, aggravating his back, knee, and shoulder injuries.

b. Men's Restroom:

   i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs., which violates sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards and aggravated the rotator cuff injury in his shoulder and caused undue strain on his back because the door pressure is too heavy.

   ii. Not providing operable parts that are functional or are in the proper reach ranges as required by sections 309, 309.1, 309.2, 309.3, 309.4 and 308 of the Standards, which require Plaintiff to strain his back and shoulder injuries because the operable parts are not in the proper reach ranges.

   iii. Not providing the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop as required by sections 606 and 606.5 of the Standards, which causes Plaintiff undue strain on his back in trying to avoid the objects under the sink or

5

    countertop, especially since he has difficulty using his other arm for support.

  iv.  Not providing the proper spacing between a grab bar and an object projecting out of the wall as required by sections 609, 609.1 and 609.3 of the Standards, which prevents Plaintiff from using the bars to assist him getting onto and off of the toilet, aggravating his back, knee, and shoulder injuries.

  v.  Providing grab bars of improper horizontal length or spacing along the rear wall as required by sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the bars to assist him getting onto and off of the toilet, aggravating his back, knee, and shoulder injuries.

  vi.  Not providing rear wall grab bars between 33 inches minimum and 36 inches maximum above the finished floor as measured to the top of the gripping surface as required by sections 609, 609.4 and 609.7 of the Standards, which aggravates Plaintiff's hand and shoulder injuries.

  vii.  Not providing a dispenser in an accessible position (back wall or other inaccessible place) as required by sections 606, 606.1, 308 and 308.2.2 of the Standards, which requires Plaintiff to reach higher in order to use the dispenser and aggravates his rotator cuff injury in his shoulder.

  viii.  Not providing the water closet in the proper position relative to the side wall or partition as required by sections 604 and 604.2 of the Standards,

        which causes undue strain on Plaintiff's back and legs by preventing him from using the wall or partition for support.

    ix. Not providing the correct opening width for a forward approach into a urinal, stall door or lavatory as required by sections 305, 305.7.1, 404, 605.3 and 606.2 of the Standards, which requires Plaintiff to position himself in a way that aggravates his back and knee injuries.

    x. Not providing an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination as required by sections 213, 213.3 and 213.3.1 of the Standards, which requires Plaintiff to use an inaccessible toilet compartment.

  c. Lounge and Food Service Area

    i. Not providing seating that has the correct clear floor space for forward approach as required by sections 902, 902.2, 305 and 306 of the Standards, which prevents Plaintiff from extending his legs and aggravates his back and leg injuries.

    ii. Not providing a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink as required by sections 226, 226.1, 902, 305 and 306 of the Standards, which requires Plaintiff to dine at a surface that is unsafe for him to use and aggravates his back and knee injuries.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms,

shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

D.	enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E.	award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F.	grant any other such relief as the Court deems just and proper.

                                                Respectfully submitted,

                                                CASS LAW GROUP, P.C.

                                                /s/ Angela C. Spears
                                                Angela C. Spears (IL Bar #: 6327770)
                                                CASS LAW GROUP, P.C.
                                                20015 S. LaGrange Rd #1098
                                                Frankfort, IL 60423
                                                T: (833) 343-6743
                                                F: (855) 744-4419
                                                E: aspears@casslawgroup.com
                                                *Counsel for Plaintiff*

Dated: November 1, 2021